IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JOSHUA ELLISON,

          Plaintiff,

v.                                  CIVIL ACTION NO.   5:12-cv-05490

UPS, INC.,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Motion to Dismiss the Complaint* (Document 4) and supporting memorandum (Document 5). The Court notes that *Plaintiff's Response to Defendant's Motion to Dismiss* (Document 7) was filed thirty-five (35) days past the deadline, and therefore, was not considered and should be stricken from the record. As a result, Defendant's *Reply to Plaintiff's Response to the Pending Motion to Dismiss* (Document 8) should also be stricken from the record. After careful review of Plaintiff's Complaint (Document 1-2 at 4), the Court grants Defendant's motion.

**I.    BACKGROUND[1]**

On August 3, 2012, Plaintiff, Joshua Ellison, filed a Complaint against Defendant, UPS, Inc., in the Circuit Court of Raleigh County, West Virginia, for breach of contract in violation of

---

[1] Defendant asserts that "Plaintiff is employed by UPS as a full-time Mechanic Journeyman… [and] is a member of a bargaining unit represented by Local Union No. 175 of the International Brotherhood of Teamsters, and the terms and conditions of his employment are covered by the National Master United Parcel Service Agreement and Atlantic Area Supplemental Agreement ("Labor Agreement") between UPS and the Teamsters Union, which remains in effect through July 31, 2013." (Document 1 at 1).

West Virginia Wage Payment Collection Act ("WPCA"). (*Id.*). Plaintiff alleges that "[o]n or about August 29, and continuing to present, Plaintiff has been an employee of the Defendant… [and that] [a]t the time of his hire, the Plaintiff was promised in writing a certain pay rate and/or schedule." (*Id.*)  Plaintiff contends that "[t]he Defendant has refused to honor the pay rate and/or schedule offered by it, and accepted by the Plaintiff." (*Id.*)  Plaintiff alleges that "[t]he acts of the Defendant [in] refusing to honor the agreement constitutes breach of the parties' contract in violation of West Virginia Wage Collection Act." (*Id.*)  Plaintiff asserts that "[a]s a direct proximate result of the acts of the Defendant aforesaid, Plaintiff has been annoyed, aggravated, lost benefitted income agreed to amongst the parties and has otherwise been harmed." (*Id.*)  Therefore, "Plaintiff demands judgment [sic] against the Defendant in the amount justified by the evidence." (*Id.*)

On September 17, 2012, Defendant removed, citing Section 301 of the Labor Management Relations Act of 1947, as amended, ("LMRA"), 29 U.S.C. § 185(a), as grounds for federal question jurisdiction. (Document 1 at 2).  On September 24, 2012, Defendant filed its *Motion to Dismiss the Complaint* and supporting memorandum, wherein Defendant moves the Court to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Document 4 at 1-2).  On November 12, 2012, Plaintiff filed his untimely Response to Defendant's Motion to Dismiss (Document 7), and six days later Defendant filed its reply (Document 8).

## II.     APPLICABLE LAW

### A. Removal

The threshold question for the Court to consider is whether it has federal subject matter jurisdiction in this case.  By statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  One class of cases federal district courts have original jurisdiction over are "federal question" cases, those "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). Accordingly, federal district courts have jurisdiction over "'only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Interstate Petroleum Corp. v. Morgan,* 249 F.3d 215, 219 (4th Cir.2001) (quoting *Franchise Tax Bd. V. Const. Laborers Vacation Trust*, 463 U.S. 1, 27 (1983)).  In other words, "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption." *Caterpillar.* 482 U.S. at 393.

#### i.  The Complete Preemption Doctrine

However, the "complete preemption" doctrine acts as an "'independent corollary' to the well-pleaded complaint rule." *Id.* (quoting *Franchise Tax Bd. 463 U.S.* at 22).   Under this

3

doctrine, a complaint "can be recharacterized as one 'arising under' federal law if the law governing the complaint is exclusively federal." *Vanden v. Discover Bank*, 556 U.S. 49, 50 (2009) (citing *Beneficial Nat. Bank v. Anderson*, 539, U.S. 1, 8 (2003)). In other words, a district court will have federal question jurisdiction when "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar.* 482 U.S. at 393 (quoting *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 65 (1987)). Once a state law claim has been completely preempted, it is "considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar.* 482 U.S. at 393.

In order to remove an action on the basis of the complete preemption doctrine, the "defendant must establish that the plaintiff has a 'discernible federal [claim]' and that 'Congress intended [the federal claim] to be the exclusive remedy for the alleged wrong.'" *Pinney v. Nokia, Inc.,* 402 F.3d 430, 449 (4th Cir.2005) (alteration in original) (quoting *King v. Marriott Int'l,* 337 F.3d 421, 425 (4th Cir.2003)).

### ii. *Complete Preemption Under the LMRA*

"[T]he Supreme Court has found a congressional intent to create an exclusively federal remedy [for the LMRA]." *Byard v. Verizon West Virginia, Inc.,* 2012 WL 1085775 at * 2 (N.D.W.Va., March 30, 2012) (citing *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists,* 390 U.S. 557, 560 (1968)). Section 301 provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). "The complete pre-emption corollary to the well-pleaded complaint rule is applied primarily in cases raising claims pre-empted by § 301 of the LMRA." *Caterpillar,* 482 U.S. at 393. "Section 301 governs claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective bargaining agreement.'" *Id.* at 394 (quoting *Electrical Workers v. Hechler,* 481 U.S. 851, 859 (1987)). Defendant, in its notice of removal and motion to dismiss, contends that resolution of Plaintiff's claim requires an interpretation of the Labor Agreement, and is, therefore, completely preempted by Section 301 of the LMRA. (Document 5 at 4).

A state law claim is preempted by federal law "when resolution of [that] claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). Therefore, the preemption analysis hinges on whether or not the resolution of the cause of action requires interpretation of a labor contract. (*Id.*). "[T]he bare fact that a collective bargaining agreement will be consulted in the course of state-law litigation plainly does not require [preemption]." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994). "Only if resolution of the cause of action requires interpretation of –as opposed to mere reference to – a collective bargaining agreement will the claim be preempted under § 301." *Elswick v. Daniels Electric Inc*., 787 F.Supp.2d 443, 447 (S.D.W.V. April 15, 2011) (citing *Allis-Chalmers* 471 U.S. at 218). A claim will also be preempted if it is "inextricably intertwined with consideration of the term of the labor contract." *Lueck,* 471 U.S. at 213. In other words, contract interpretation, and therefore, Section 301 preemption occurs where "the right asserted" is "derive[d] from the contract." (*Id.* at 218).

### III. DISCUSSION

#### A. *Plaintiff's Claim is Completely Preempted by Section 301 of the LMRA*

As stated above, Plaintiff alleges that Defendant violated the WPCA by "refus[ing] to honor the pay rate and/or schedule offered by it, and accepted by the Plaintiff." (Document 1-2 at 4). The WPCA "controls the manner in which employees in West Virginia are paid wages," *Gress v. Petersburg Foods, LLC,* 592 S.E.2d 811, 814 (W.Va.2003), and permits an aggrieved employee "to bring any legal action necessary to collect a claim" for his unpaid wages. W. Va.Code § 21-5-12. However, the WPCA does not "establish how or when wages are earned." *Gregory v. Forest River, Inc.*, 369 F. App'x 464, 469 (4th Cir.2010). "Consequently, in order to establish a *prima facie* claim for wages pursuant to the WPCA, a plaintiff must first 'prove entitlement to such pay.'" *Byard* 2012 WL 1085775 at * 4 (quoting *Lowe v. Imperial Colliery Co.,* 377 S.E.2d 652, 657 (W.Va.1988)).

Whether an employee is entitled to receive a certain wage is a "matter[] that arise[s] from the employment agreement." *Gregory,* 369 F. App'x at 469 (4th Cir.2010). Defendant asserts that "'[t]he only "pay rate[s] and/or schedule[s] offered by [UPS]' to Plaintiff, as a full-time Mechanic Journeyman and a bargaining unit member, are provided under Articles 41 and 62 of the Labor Agreement," which is attached to the Notice of Removal as an exhibit. (Document 1 at 3). Therefore, the Court must examine the Labor Agreement to determine whether Plaintiff is entitled to the wages he seeks to recover and whether Defendant violated the WPCA in withholding those wages. *See Byard* 2012 WL 1085775 at * 5-6; *Gregory,* 369 F. App'x at 469.

However, Plaintiff has not referenced any provisions within the Labor Agreement that entitle him to the wages he seeks. In fact, Plaintiff has not specifically mentioned the Labor

6

Agreement at all. In Plaintiff's complaint, he alleges that "at the time of his hire, [he] was promised in writing a certain pay rate and/or schedule. (Document 1-2 at 4). Similarly, in his union complaint form, dated April 20, 2012, Plaintiff alleged that he has been "denied the full-time employee wage progression promised me at the time I was hired…[which] is confirmed in an email from Jeff Hunt dated September 23, 2009." (Document 1-6 at 2). Plaintiff also alleged that "[i]n general, Article 41" of the Contract was violated. (*Id.*)

Defendant argues that "to determine whether Plaintiff is owed the wages at issue in this action, a fact-finder would have to consult and interpret, at a minimum, the various wage-related provisions of Articles 41 and 62, and determine whether those provisions authorize a variance of the Labor Agreement's express terms." (Document 5 at 4). Therefore, Defendant contends that "[b]ecause Plaintiff's wage claim is 'inextricably intertwined with consideration of the terms of the [Labor Agreement]' and would require a fact-finder to 'consult and interpret multiple provisions of the [Labor Agreement],' Plaintiff's state-law claim for breach of contract under the WPCA is preempted by Section 301." (*Id.*) (quoting *Allis-Chalmers Corp,* 417 U.S. at 213; *Elswick v. Daniels Electric Inc.,* 787 F.Supp.2d 443, 447-48 (S.D.W.Va. 2011)).

The heart of Plaintiff's complaint is that Defendant has failed to pay Plaintiff's wages he believes he should have earned. Whether Plaintiff is alleging that Defendant breached a certain agreed upon "pay rate and/or schedule" outside of the Labor Agreement or not, resolution of this case will require more than a "mere reference" to the Labor Agreement. *Elswick*, 787 F.Supp.2d at 447. Instead, interpretation of the Labor Agreement is necessary. The Court would have to analyze, at least, Article 41 of the Labor Agreement to determine whether Plaintiff is entitled to certain wages under that agreement and/or whether the agreement allows for variance of its

7

express terms. Regardless, Plaintiff's claim is "inextricably intertwined with consideration of the term of the labor contract." *Lueck,* 471 U.S. at 213, 218. Therefore, the Court finds that Plaintiff's claim is completely preempted by Section 301 of the LMRA. As a result, this claim "arises under" federal law, *Caterpillar,* 482 U.S. at 393, giving the Court subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### B. Defendant's Motion to Dismiss

Having found that Section 301 preempts Plaintiff's claim, the Court must now determine whether Plaintiff has stated a claim under that federal statute. *See Byard,* 2012 WL 1085775 at * 13 (citing *Lueck,* 471 U.S. at 220 ("[The preempted] claim must either be treated as a § 301 claim…or dismissed as pre-empted by federal labor-contract law.")). Defendant argues that dismissal is appropriate because Plaintiff failed to plead that he exhausted the mandatory grievance procedure under the collective bargaining agreement and failed to allege the necessary elements of a Section 301 claim against an employer. (Document 4 at 2). Plaintiff did not timely respond to these arguments.

#### i. Standard of Review

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). In the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff

has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557).

In reviewing a motion to dismiss, the Court must "accept as true all of the factual allegations contained in the complaint," *Erikson v. Pardus*, 551 U.S. 89, 93 (2007), and "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999). "Facts derived from sources beyond the four corners of the complaint also may be considered, including documents attached to the complaint, documents attached to the motion to dismiss 'so long as they are integral to the complaint and authentic,' and facts subject to judicial notice." *Byard,* 2012 WL 1085775 at * 13 (citing *Philips v. Pitt Cty Mem'l Hosp.,* 572 F.3d 176, 180 (4th Cir. 2009) (citing *Blankenship v. Manchin*, 471 F.3d 523, 526 n. 1 (4th Cir.2006)). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

### ii.     *Defendant's Motion to Dismiss Should be Granted*

The general rule is that "[a]n employee seeking a remedy for an alleged breach of the collective- bargaining agreement between his union and employer must attempt to exhaust any exclusive grievance and arbitration procedures established by the agreement before he may maintain a suit against his union or employer under § 301." *Clayton v. Int'l Union,* 451 U.S. 679, 681 (1981). "Where an individual employee seeks to file a § 301 suit against his employer, however, 'a union must be given the opportunity to act on behalf of its member before he may

9

proceed on his own.'" *Byard,* 2012 WL 1085775 at * 14 (quoting *Amburgey v. Consol. Coal Co.*, 923 F.2d 27, 29 (4th Cir.1991)).

In order to prevail in his Section 301 claim, "an employee must prove *both* 1) that the union breached its duty of fair representation and 2) that his employer violated the collective bargaining agreement." *Thompson v. Aluminum Co. of America,* 276 F.3d 651, 656 (4th Cir.2002) (emphasis in original). Defendant alleges that "[b]ecause Plaintiff has not asserted a single allegation related to the essential elements of exhaustion of grievance procedures and breach of the Union's duty of fair representation, Plaintiff has failed to plead 'sufficient factual matter…to state [an actionable § 301 claim] that is plausible on its face.'" (Document 5 at 6).

The Court finds that Defendant UPS's Motion to Dismiss should be granted because, even assuming all allegations in the complaint to be true, Plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 8(a)(2). "[F]ederal court review of allegations against employers for breach of collective bargaining agreements is called for only when an employee has first proved that the Union representing him breached its duty of fair representation." *Martin v. Potter*, 69 F. App'x. 108, 111 (4th Cir.2003) (per curiam). In the instant case, Plaintiff has not alleged that his Union breached its duty of fair representation. In fact, in his complaint, Plaintiff does not mention his union, let alone allege that the union breached its duty of fair representation. (Document 1-2 at 4). Therefore, "the[] claim necessarily fails[] [as] the complaint contains no fair representation claim against the appropriate union, which is an 'indispensable predicate' for the plaintiff['s] suit." *Byard,* 2012 WL 1085775 at * 14 (quoting *United Parcel Services, Inc. v. Mitchell*, 451 U.S. 56, 62 (1981). Because Plaintiff's claim cannot continue as a Section 301

10

claim, it must be "dismissed as preempted by federal labor contract law." *Lueck*, 471 U.S. at 220. Therefore, Defendant's motion to dismiss should be granted.

### IV.     CONCLUSION

Wherefore, based on the findings herein, the Court does hereby **ORDER** that the *Motion to Dismiss the Complaint* (Document 4) be **GRANTED**.   The Court also **ORDERS** that *Plaintiff's Response to Defendant's Motion to Dismiss* (Document 7), which was untimely filed, be **STRICKEN** from the record, as well as Defendant's *Reply to Plaintiff's Response to the Pending Motion to Dismiss* (Document 8).

The Court **ORDERS** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** and that this matter be **STRICKEN** from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:     December 4, 2012

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA